# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MYRON WILLIAMS, et al.,

    Plaintiffs,

v.

CITY OF SCRANTON, et al.,

    Defendants.

CIVIL ACTION NO. 10-CV-388

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court are five (5) motions: (1) Defendant Lackawanna County Children and Youth Services's motion to dismiss (Doc. 12); (2) Defendants the Commonwealth of Pennsylvania and the Pennsylvania State Police's motion for judgment on the pleadings (Doc. 14); (3) Defendant Community Medical Center's motion to dismiss (Doc. 16); (4) Defendant Scranton Counseling Center's motion to dismiss (Doc. 18); and (5) Defendants Community Life Support, Inc., Kevin Joseph Yetkowskas, and David Flynn's[1] motion to dismiss (Doc. 19). For the reasons discussed below, the motions will be granted in part and denied in part.

This Court has jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331, and over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

---

[1] Plaintiffs' Complaint alleges that a "Dan Flynn" was employed by Community Life Support Services, Inc. (Compl. ¶ 12.) Defendants assert that David Flynn was the person employed by CLS. (Mot. to Dismiss 2, Doc. 19.) The Court will refer to Mr. Flynn as David in this opinion.

**BACKGROUND**

The facts alleged in Plaintiff's Complaint (Doc. 1) are as follows:

This action centers around the events leading to the death of Brenda Williams ("decedent"). (Compl. ¶¶ 4, 39, Doc. 1.) Plaintiff Myron Williams is the administrator of the decedent's estate. (*Id.* at 1-2.) Plaintiff Alana Williams is the decedent's daughter. (*Id.* ¶ 3.) Plaintiff Louise Williams is the decedent's mother, and the guardian of Alana Williams. (*Id.* ¶¶ 2,3.)

Defendant Pennsylvania State Police was at all relevant times a department of the Commonwealth of Pennsylvania charged with securing the safety of all persons within the Commonwealth. (*Id.* ¶¶ 16, 19.) Defendant City of Scranton was at all times a municipal corporation within the Commonwealth of Pennsylvania. (*Id.* ¶ 13.) Defendant Scranton Police Department was at all times a department within the City of Scranton charged with the responsibility of ensuring the safety all persons within the municipality. (*Id.* ¶ 9.) Defendants James Smith ("Smith"), Eric Jordan ("Jordan"), and Jason Knoch ("Knoch") were at all relevant times officers of the Scranton Police Department. (*Id.* ¶¶ 5-7.) Defendant Robert Stanek ("Stanek") was at all times a Corporal of the Scranton Police Department. (*Id.* ¶ 8.)

Defendant Community Life Support, Inc. ("CLS") was at all relevant times an "emergency response entity." (*Id.* ¶ 10.) Defendants Kevin Joseph Yetkowskas ("Yetkowskas") and David Flynn ("Flynn") were at all relevant times employees of CLS (hereinafter CLS, Yetkowskas, and Flynn as the "CLS Defendants"). (*Id.* ¶¶ 11-12.) Defendants Lackawanna County Children and Youth Services ("CYS"), Scranton Counseling

Center ("SCC"), and Community Medical Center ("CMC") were mental health facilities where decedent was treated. (Compl. ¶¶ 15, 17, 18.)

On or about May 28, 2009, decedent was lawfully on her premises at 1501 North Lincoln Avenue, in Scranton, Pennsylvania. (*Id.* ¶ 24.) Defendants Jordan and Smith arrived at that location after the Scranton Police Department received a call from the residents at 1422 North Lincoln Avenue. (*Id.* ¶¶ 27-28.) Smith requested a "302 evaluation," a determination as to whether someone is eligible for involuntary commitment because they are a danger to themselves or others, for the decedent. (*Id.* ¶ 29.) On prior occasions, decedent had been evaluated by CYS, SCC, and CMC to determine if she was a danger to herself or others. (*Id.* ¶ 31.) Stanek and Knoch arrived at the scene to assist Smith and Jordan. (*Id.* ¶ 32.) Stanek was the senior officer at the scene and was in charge of determining whether the decedent was "302 eligible." (*Id.* ¶ 8.) Yetkowskas and Flynn also "arrived at the scene pursuant to a request for a '302 Evaluation'." (*Id.* ¶ 33.) Stanek determined that the decedent was not "302 eligible," and Yetkowskas and Flynn left the scene. (*Id.* ¶ 34-35.) Subsequently, Jordan, Smith, Stanek, and Knoch "lost control of the scene" and fired shots at decedent, mortally wounding her. (*Id.* ¶¶ 36-37.) After being transported by CLS to CMC, decedent was pronounced dead. (*Id.* ¶¶ 38-39.)

Plaintiffs filed their Complaint on February 22, 2010. (Doc. 1.) Between April 6 and April 9, 2010, Defendants filed several motions to dismiss (Docs. 12, 16, 18, 19) and a motion for judgment on the pleadings (Doc. 14). Each of the motions, except Defendant CYS's motion, have been briefed by both parties and all are now ripe for disposition.[2]

---

[2] Plaintiffs have not filed a brief in opposition to Defendant CYS's motion to dismiss, despite an order from this Court to do so (Doc. 27), as required under Local Rule 7.6.

**LEGAL STANDARDS**

**I.     Motion for Judgment on the Pleadings**

Under Rule 12(c) of the Federal Rules of Civil Procedure, after the pleadings are closed, any party may move for judgment on the pleadings. A Rule 12(c) motion is designed to provide a means for disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice. *See* CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367. A court should only grant a motion for judgment on the pleadings if it is clear that the merits of the controversy can be fully and fairly decided in this summary manner. *See id.* at § 1369. In deciding a motion for judgment on the pleadings, a court must consider the facts alleged in the pleadings and the inferences drawn from these facts in the light most favorable to the nonmoving party. *See Oxford Assocs. v. Waste Sys. Auth. of E. Montgomery County,* 271 F.3d 140, 144-45 (3d Cir. 2001); *McCoy v. Southeastern Pa. Transp. Auth.,* No. 01-5881, 2002 WL 376913 at *1 (E.D. Pa. 2002). The motion may only be granted if there are no factual allegations in the pleadings which, if proven, would allow the nonmoving party to recover. *See Oxford Assocs.*, 271 F.3d at 144-45; *McCoy,* 2002 WL 376913 at *1.

**II.    Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. P.

---

Because identical factual allegations against Defendants SCC and CMC will be evaluated on the merits, I will also evaluate CYS's motion on the merits. Plaintiffs are admonished to comply with the Local Rules in the future.

4

12(b)(6). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse*

5

*v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**I.      Motion for Judgment on the Pleadings**

The Pennsylvania Defendants' motion requests that judgment be entered in their favor because they are immune from Plaintiffs' federal and state law claims. Plaintiffs' federal causes of action are brought pursuant to 42 U.S.C. § 1983. The Eleventh Amendment provides states with immunity from suit in federal court. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996). This immunity is jurisdictional in nature. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 n.8 (1984). Congress may abrogate Eleventh Amendment immunity with respect to rights protected by the Fourteenth Amendment, but it has not done so for actions pursuant to § 1983. *Id.* at 99 (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)). A state may waive its Eleventh Amendment immunity and consent to be

6

sued, *see Alden v. Maine*, 527 U.S. 706, 755 (1999), but Pennsylvania has expressly withheld consent and has not waived its Eleventh Amendment immunity. *See* 42 PA. CONS. STAT. ANN. § 8521(b) (2004). The Pennsylvania State Police, as an arm of the Commonwealth of Pennsylvania, also shares in this immunity. *Matthews v. Elias*, No. 4:CV-06-1760, 2006 WL 3143914, at *3 (M.D. Pa. Oct. 31, 2006) (citing *Pennhurst*, 465 U.S. at 98) (dismissing claims against the Pennsylvania State Police under Eleventh Amendment immunity). Eleventh Amendment immunity "applies as well to state-law claims brought into federal court under pendent jurisdiction." *Pennhurst*, 465 U.S. at 121.[3] Because the Eleventh Amendment deprives this Court of jurisdiction to hear Plaintiffs' federal and state law claims, the Pennsylvania Defendants' motion will be granted.

## II. Motions to Dismiss

Defendants CYS, SCC, CMC, and the CLS Defendants all request that Plaintiffs' claims against them be dismissed. At Counts IV and V, Plaintiffs allege federal law claims pursuant to 42 U.S.C. § 1983 for violations of their Fourth and Fourteenth Amendment rights. At Counts VII through IX, Plaintiffs allege state law claims for wrongful death and negligence.

Defendants first argue that the Plaintiffs fail to provide sufficient factual allegations to support their legal conclusions that they are liable under federal and state law. As noted above, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. As to Defendants CYS, SCC, and CMC, Plaintiffs allege only that the decedent "had been evaluated" by them on some

---

[3] The Court notes that even if it had jurisdiction to hear Plaintiffs' state law claims, the Pennsylvania Defendants would have sovereign immunity from them pursuant to 1 Pa. Cons. Stat. § 2310. *See* 42 Pa. Cons. Stat. § 8522(b) (listing inapplicable situations where Pennsylvania has waived immunity).

7

prior occasion. (Compl. ¶ 31.) Plaintiffs do not provide any time frame for these evaluations to permit an inference that they impacted the events of May 28, 2009, nor do they provide any factual detail as to any persons involved. The limited factual allegations fail to provide a basis for their Plaintiffs' legal conclusions and also fail to provide fair notice to the Defendants as to the grounds of Plaintiffs' claims. *Erickson v. Pardus*, 551 U.S at 93. Therefore, the motions to dismiss of Defendants CYS, SCC, and CMC will be granted.

As to the CLS Defendants, however, Plaintiffs provide more substantial factual allegations. Plaintiffs allege that CLS employees Yetkowskas and Flynn were called to 1501 North Lincoln Avenue pursuant to the request for a "302 evaluation" and that such a determination was made before they left. (Compl. ¶¶ 33-35.) While the factual allegations against the CLS Defendants are more limited than those against the Scranton Police Department and its officers, the allegations are sufficient to "raise a reasonable expectation that discovery will reveal evidence" of the CLS Defendants' involvement in the events of May 28, 2009. *Scheuer v. Rhodes*, 416 U.S. at 236. I find that Plaintiffs' factual allegations are sufficient to support their legal claims against the CLS Defendants.

The CLS Defendants also argue that CLS is not a public entity and that, therefore, they may not be held liable under Plaintiffs' federal law claims. Plaintiffs' federal law claims are brought pursuant to 42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must allege (1) a deprivation of a federally protected right, and (2) commission of the deprivation by one acting under color of state law." *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir.1997). Plaintiffs allege that CLS employees Yetkowskas and Flynn "committed . . . unlawful acts under color of state law." (Compl. ¶ 69.) While the CLS Defendants may dispute whether this allegation is true, at this stage the Court must accept as true all facts

8

plead in the Complaint. *Twombly*, 550 U.S. at 570. Therefore, the CLS Defendants' motion to dismiss Plaintiffs' federal law claims will be denied.

**III.    Leave to Amend**

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). As judgment will be entered in favor of the Pennsylvania Defendants, Plaintiffs will not be able amend those claims. As to the claims against Defendants CYS, SCC, and CMC, this Court cannot say that any amendments would necessarily be futile. Therefore, Plaintiffs will be given twenty-one (21) days from the date of this order to file a motion to amend their complaint.

**CONCLUSION**

For the reasons discussed above, Defendants' motions will be granted in part and denied in part. As to the Pennsylvania Defendants' motion for judgment on the pleadings, the motion will be granted because the Commonwealth of Pennsylvania and its agency have Eleventh Amendment immunity from Plaintiffs' claims. As to Defendants CYS, CMC, SCC's motions to dismiss, the motions will be granted because Plaintiffs' claims lack sufficient factual allegations to support their legal conclusions. As to the CLS Defendants, Plaintiffs' allegations are sufficient to state claims for relief, and therefore, the CLS Defendants' motion to dismiss will be denied. Plaintiffs will be given twenty-one (21) days from the date of this order to file a motion to amend their complaint.

9

An appropriate order follows.

 July 22, 2010                                                                 /s/ A. Richard Caputo
Date                                                                                      A. Richard Caputo
                                                                                              United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MYRON WILLIAMS, et al.,

    Plaintiffs,

        v.

CITY OF SCRANTON, et al.,

    Defendants.

CIVIL ACTION NO. 10-CV-388

(JUDGE CAPUTO)

## ORDER

NOW, this 22nd day of July, 2010, **IT IS HEREBY ORDERED** that:

(1) Defendant Lackawanna County Children and Youth Services's Motion to Dismiss Plaintiffs' Complaint Against Defendant Lackawanna County Children and Youth Services Under Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted, and Under Federal Rule of Civil Procedure 12(b)(7) Alleging Failure to Join a Party Under Federal Rule of Civil Procedure 19 (Doc. 12) is **GRANTED**.

(2) Defendants the Commonwealth of Pennsylvania and the Pennsylvania State Police's Pennsylvania Defendants' Motion for Judgment on the Pleadings (Doc. 14) is **GRANTED**.

(3) Defendant Community Medical Center's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) on Behalf of the Defendant, Community Medical Center (Doc. 16) is **GRANTED**.

(4) Defendant Scranton Counseling Center's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 18) is **GRANTED**.

(5) Defendants Community Life Support Systems, Inc., Kevin Yetkowskas, and David Flynn's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) is **DENIED**.

(6) Plaintiffs have **TWENTY-ONE (21) DAYS** from the date of this order to file a motion to amend their complaint.

                                      /s/ A. Richard Caputo
                                      A. Richard Caputo
                                      United States District Judge