# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MYRON WILLIAMS, et al.,

    Plaintiffs,

v.

CITY OF SCRANTON, et al.,

    Defendants.

CIVIL ACTION NO. 3:10-CV-388

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is a filing styled as the plaintiffs' amended complaint (Doc. 38) as well as three motions to dismiss the amended complaint (Docs. 42, 43, 48).

## I. Background

By order dated July 22, 2010, (Doc. 33), the Court dismissed the plaintiffs' complaint and ordered them to submit an amended complaint. It appears that the so-called "amended complaint" is identical to the dismissed complaint. For example, the Court's order held that the Commonwealth of Pennsylvania and the State Police were immune from suit, and yet plaintiffs renew their same claims against these defendants in their "amended" complaint.

## II. Discussion

**A. Legal Standard on a Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. In deciding a 12(b)(6) motion, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515

F.3d 224, 233 (3d Cir. 2008).  Dismissal is appropriate only if a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which is to say "enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 319 (3d Cir. 2010) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (alteration in *Arista Records*)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* at 1950.

In line with the pleading standards established by the Supreme Court's decisions in *Twombly* and *Iqbal*, the Third Circuit has instructed district courts to conduct a two-part analysis when disposing of a motion to dismiss for failure to state a claim. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This analysis proceeds as follows:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.

*Id.* at 210–11 (internal citations omitted).

**B. Defendant CLS's Motion to Dismiss**

The Community Life Support (CLS) defendants argue (Doc. 42) that the amended complaint fails to show that they are state actors, and thus they cannot be liable under §§ 1983 or 1988.

In some circumstances, even private parties may be regarded as state actors for § 1983 purposes. In determining whether state action exists, courts focus on whether the actor's conduct is fairly attributable to the government. *See Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937–42 (1982).  This inquiry has two parts: courts consider "first whether the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority, and second, whether the private party charged with the deprivation could be described in all fairness as a state actor." *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 620 (1991) (applying *Lugar*) (internal citations omitted).  Private parties have been found to be state actors when there is significant entwinement between them and the state, when they perform exclusive public functions, or when they perform a function delegated by the state. *See Leshko v. Servis*, 423 F.3d 337, 340 (3d Cir. 2005).

The Court agrees that because the plaintiffs fail to allege facts showing that CLS or its employees took action under color of state law, no federal claims can stand against them. Although the amended complaint at paragraph 69 states that they acted "under color of state law," this is a legal conclusion that the Court need not credit. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, the Court will grant CLS's motion to dismiss (Doc. 42) on this ground.

Moreover, the plaintiffs have not alleged facts which show that any of the CLS defendants were involved in the shooting of the decedent, so the eighth and ninth counts of the complaint must be dismissed against them.

**C. Defendants CYS's and SCS's Motions to Dismiss**

Defendants Lackawanna County Children and Youth Services (CYS) and Scranton Counseling Center (SCS) move to dismiss (Doc. 43, 48) in part on the grounds that no facts are stated that would permit a finding that it is plausible, instead of merely possible, that the plaintiffs are entitled to relief.

Indeed, the Court said as much in its previous Order, finding the alleged facts inadequate to support liability. Because the plaintiffs did not amend by alleging facts adequate to support liability, dismissal is required.

Additionally, for the same reasons as explained with respect to CLS, the plaintiffs have not alleged facts that show that SCS is a state actor and thus the federal civil rights claims must be dismissed.

### III. Conclusion

For the reasons stated above, the defendants motions to dismiss (Doc. 42, 43, 48) will be granted. Additionally, the Court will *sua sponte* dismiss the complaint to the extent it did in its July 22, 2010 order because the "amended" complaint filed by the plaintiffs is identical to the original complaint.

In civil rights cases brought under 42 U.S.C. § 1983 that are subject to dismissal for failure to state a claim upon which relief may be granted, a court must affirmatively offer the plaintiff leave to amend unless doing so would be inequitable or futile. *See Fletcher-Harlee*

*Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

The Court cannot determine whether amendment would be futile in this case unless the plaintiffs follow Local Rule 15.1 and request leave to amend in accordance with this opinion and order as well as the Court's opinion and order of July 22, 2010 (Doc. 33).

By "amending in accordance with the Court's opinion," the Court means that when it has held, for example, that the complaint's allegations are deficient, the plaintiffs will rework the complaint to contain sufficient allegations (or if they cannot do so, drop the claim). If the Court has held that jurisdiction does not exist, the plaintiffs must not bring the same claims against the parties. So, for example, if the plaintiffs choose to request leave to amend, the proposed second amended complaint must not describe the Pennsylvania State Police and the Commonwealth of Pennsylvania as parties or bring claims against them, because they are immune from suit under the Eleventh Amendment—as the Court held in its previous opinion. The Court lacks jurisdiction to hear the plaintiffs' claims against these entities, and thus the plaintiffs must eliminate them from their pleadings. Additionally, the plaintiffs must amend their allegations against defendant Community Medical Center in accordance with the Court's previous (Doc. 33) opinion and order.

Additionally, for the heading of each Count in the amended pleading, the plaintiffs should state against which defendants the claim is being brought. This will greatly aid the Court in determining which claims are brought against which defendants. Should the plaintiffs choose to seek leave to amend, they must submit a proposed draft amended complaint in accordance with Local Rule 15.1(a) as well as a copy of the original pleading (in this case, the amended complaint) "in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type." *See*

Local R. 15.1.

      This way, the Court can determine whether the amended pleading comports with its previous opinions and orders instead of simply reviving the same insufficient claims.

      An appropriate order follows.

| | |
|---|---|
| <u>March 30, 2011</u><br>Date | <u>/s/ A. Richard Caputo</u><br>A. Richard Caputo<br>United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MYRON WILLIAMS, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:10-CV-388 |
| v. | (JUDGE CAPUTO) |
| CITY OF SCRANTON, et al., | |
| Defendants. | |

## ORDER

**NOW**, this 30th day of March, 2011, **IT IS HEREBY ORDERED** that:

**(1)** The CLS defendants' motion to dismiss the amended complaint (Doc. 42) is **GRANTED**.

**(2)** Lackawanna County Children and Youth Service's motion to dismiss the amended complaint (Doc. 43) is **GRANTED**.

**(3)** Scranton Counseling Center's motion to dismiss the amended complaint (Doc. 48) is **GRANTED**.

**(4)** Because the amended complaint is identical to the previous complaint, the Court *sua sponte* **DISMISSES** the amended complaint against the Commonwealth of Pennsylvania, the Pennsylvania State Police, and the Community Medical Center, as it did upon motion in its July 22, 2010 order (Doc. 33).

**(5)** The plaintiffs have twenty-one days from the date of this order to file a motion

seeking leave to file a second amended complaint in accordance with the Court's opinion.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

Case 3:10-cv-00388-ARC   Document 73   Filed 03/30/11   Page 8 of 8